IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMY F. MEDLEY                                                                                           PLAINTIFF

v.                              CIVIL NO. 17-3020

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amy F. Medley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

The application for SSI presently before this Court was protectively filed on January 12, 2010, alleging an inability to work due to depression, fibromyalgia, back problems, and wrist problems. (Tr. 119, 147). An administrative hearing was held on March 17, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 20-62, 471-513).

In a written decision dated April 12, 2011, the ALJ found that Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 9-19, 445-455). The Appeals Council declined review of the ALJ's decision on September 28, 2011. (Tr. 1-3). Plaintiff appealed this decision in federal district court.

1

In a decision dated February 18, 2013, the Court remanded Plaintiff's case back to the Commissioner for further consideration. (Tr. 459-466). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on May 14, 2013. (Tr. 467-469). A supplemental hearing before the ALJ was held on September 19, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 400-441, 736-777).

In a decision dated December 13, 2013, the ALJ found Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 381-394, 706-719). Plaintiff appealed this decision in federal district court.

In a decision dated June 24, 2015, the Court remanded Plaintiff's case back to the Commissioner for further consideration. (Tr. 692-701). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to a different ALJ on August 27, 2015. (Tr. 702-705). A supplemental hearing before the ALJ was held on May 24, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 644-678).

By written decision dated December 14, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 625). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, residual effects of a broken right wrist, borderline personality disorder, major depressive disorder, and generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 625). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant
> can occasionally climb, balance, stoop, kneel, crouch and crawl. She can

> frequently flex or extend her bilateral wrists. The claimant can perform work that is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public.

(Tr. 627). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a compact assembler, a motor polarizer and a dowel inspector. (Tr. 637).

Plaintiff appealed this decision in federal district court. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of May 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE